NEW YORK EXHAUST VENTILATOR Co. *v.* AMERICAN INSTITUTE OF NEW YORK and another.

*(Circuit Court, S. D. New York.* August 7, 1885.)

INJUNCTION—AWARDING MEDAL OF SUPERIORITY TO OWNER OF MACHINE.

When the owners of machines have submitted them to a comp titive examination and test before judges appointed by an institute for the promotion of arts and manufactures, and the judges have determined that one of such machines is entitled to a medal showing its superiority to the others, an unsuccessful exhibitor cannot, by injunction, prevent the delivery of such medal to his rival.

In Equity.

*James A. Whitney,* for plaintiff.

*J. A. Davenport,* for Simonds Manufacturing Company.

*Alexander & Green,* for American Institute.

WHEELER, J. According to the bill of complaint, the plaintiff manufactures a machine for ventilating, called the "Blackman Fan," and the defendant manufacturing company manufactures a machine of different construction for the same purpose, known as the "Wing Disc Fan." The defendant institute is engaged in the promotion of arts and manufactures by making provision for submitting machines to tests and experiments conducted by judges appointed by its officers, and makes award of merit of different degrees, upon the reports of the judges. These fans were submitted for competition by their respective manufacturers, and were subjected to a series of tests by judges appointed for that purpose, who recommended an award of a medal of superiority to the Wing Disc fan, and of excellence to the Blackman fan. The delivery of the medal of superiority to the defendant manufacturing company is sought to be restrained by injunction, and a decree for its delivery to the plaintiff asked for, upon the ground principally that, upon the tests which were arranged for, the Blackman fan showed the best results, and that the recommendation of award was made upon tests at high speed, and adjustability of the blades of the Wing Disc fan, which were not contemplated when the competition was entered into. The cause has now been heard upon a motion for a preliminary injunction to restrain the delivery of the medal of superiority of the Wing Disc fan.

The medals themselves are not alleged or understood to be of any intrinsic value, nor to be the property of any one but the institute. Their only importance is derived from their being statements, in an attractive form, of the award of the degree of merit found. They are the expressions of the opinion, formed upon the exhibition made, of the power and utility of the machines; and in them there is nothing derogatory to the plaintiff's machine. In the statement made, or to be made, on the medal of superiority, it is not understood that anything is stated about that machine, but only an ex-

pression of opinion that the other machine is of itself a superior machine, without naming any standard of comparison. The arrangements for the trial of the machines were entered into through correspondence, which, as argued for the plaintiff, amounted to an agreement as to the terms upon which the competition was entered into. But the terms did not involve anything as a result but the expression of opinion, formed upon the tests and experiments, as to the comparative merits of the machines; not of such an opinion as would satisfy the parties concerned, or their friends, or such as a court on review of the proceedings should adjudge to be right, but such opinion, right or wrong, as should in fact be formed of the machines. No reason is seen why the institute through its officers, or any other body or individual, might not, without violating any legal right of any one interested in any of the machines, express such an opinion, with trial or test or experiment, or without, by word, writing, print, or medal, or in any other manner, freely and openly, so long as the expression should be commendatory of either, and not a misrepresentation of faults or bad qualities in either. This does not appear to be anything more than ordinary freedom of speech or of the press. If this medal of superiority should be delivered to the defendant manufacturing company, the merits of the plaintiff's machine would not be detracted from by it; that machine would fail of the commendation of the institute desired by the plaintiff, and the other machine would receive it, and this would be all.

The institute was situated somewhat like an arbitrator, although it was not to, and is not alleged to be about to, award anything to be paid or done by either of the others to or for the benefit of the other. What it was to award was to proceed wholly from itself. It is argued that the delivery of the medal showing the award of superiority to the defendant manufacturing company's machine should be restrained until final hearing, so that it may be delivered to the plaintiff if an award of superiority should be decreed to the plaintiff. But, although courts of equity do make decrees setting aside awards of arbitrators for various causes, no case is known in which an arbitrator has been decreed to make an award, and it is said by a great authority that this is never done. Story, Eq. Jur. § 1457. Much less could it be said that an arbitrator chosen by the parties could be compelled by decree to make any particular award. An award so compelled would be the award of the court and not of the arbitrator. And, as the case now stands for consideration upon this motion, there is in reality nothing which can justly be said to impeach the fairness of the judges, or the justice of the award. The plaintiff must stand upon the case made by the bill. The action of the judges and officers of the institute is many times characterized by the bill as fraudulent, wrongful, and unjust, but this does not amount to an allegation of facts in which the fraud and wrong consist. These should be set forth so that they may be answered and judged of, to determine whether they amount to

such fraud as to give a right to relief. The defendants have, however, answered the bill as it is, and the answers are, for the purposes of this motion, to be taken to be true. Testimony cannot properly be received to show that they are not true. That must be left to final hearing. The tests made are set forth, with their respective results. These were not all in favor of either machine. Their bearing upon the practical utility of the respective machines was to be weighed and considered by those charged with the duty of determining the comparative merit of the machines. It is not understood from the bill, and exhibits annexed as a part of it, that the machines were to be viewed solely with reference to the tests. The institute stood somewhat between the public and the manufacturers of the machines, to set forth the qualities of the machines for practical use, under varying conditions and circumstances, as the wants of the public might require. It was not confined within the narrow limits of particular tests, the results of which alone as the basis of an award might deceive, instead of truly informing, the public. The machines, for the purposes of such an award, were to be considered in all aspects affecting their adaptability to use, as well as their working powers; therefore the amount of space required, the capacity of operating at high rates of speed, and the adjustability of the machines to varying wants, were proper to be considered in connection with the results of the tests in coming to a conclusion. That these were considered, instead of being guided solely by the very tests arranged for, is the principal ground of complaint urged in the argument of this motion against the award. Other judges might have come to a different conclusion, and might not; but whether they would or not, the opinion of such judges as should be selected by the institute and act was what was sought, and has been had. No just reason for restraining the promulgation of their opinions and conclusions in this summary proceeding now appears.

Motion denied.